UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY L. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV480 NCC |
| | ) | |
| PAUL LISTENBERGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Larry Henderson, (registration no. 86912), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.95. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $34.76, and an average monthly balance of $.63. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.95, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Larry Henderson, is imprisoned in the St. Louis County Justice Center. Named as defendants are: Paul Listenberger (Food Service Manager); St. Louis County, Missouri; Herbert Bernsen (Director, Justice Center); and Milton Mitchell (Doctor).

Plaintiff alleges that he requires a gluten-free diet because he has celiac disease. Gluten is found in wheat, barley and rye. Plaintiff states that he also suffers from diabetes. He states that despite his medical restrictions, defendant Listenberger has continued to serve him food containing gluten that has caused him severe gastrointestinal distress and difficulty maintaining a constant blood sugar.

Plaintiff asserts that St. Louis County is also liable, in that they have failed to implement a policy relating to the proper nutrition and food management of inmates who suffer from celiac disease, like plaintiff, who should only be fed food that is labeled and certified as gluten-free. Plaintiff also believes that there should be a policy about food-handling so that cross-contamination does not occur.

Plaintiff states that defendant Listenberger will not feed him correctly, so that he does not continue to get ill, without a change in the County's policy, as he has continued to feed plaintiff improperly, even in violation of both a health provider's orders, as well as a court-order.

Plaintiff has not made any specific claims against the remaining defendants: Herbert Bernsen or Milton Mitchell.

Plaintiff names defendants St. Louis County and defendant Listenberger in their individual and official capacities. He seeks both injunctive and monetary relief.

**Discussion**

The Court finds that plaintiff has properly alleged individual and official capacity claims against defendants Listenberger and St. Louis County for deliberate indifference to his serious health needs. In sum, plaintiff alleges that he has a diagnosed disease that requires a special diet to treat his condition, and that defendant Listenberger refused to implement the diet on numerous occasions necessary to treat plaintiff's condition and that as a result, plaintiff's medical conditions of celiac disease and diabetes worsened.

Plaintiff also alleges that St. Louis County has failed to implement a proper policy of nutrition and food management for inmates who suffer from celiac disease. This allegation, too, states a claim for relief at this time. Thus, process will be issued on plaintiff's claims against defendants Listenberger and St. Louis County.

The Court, will however, dismiss plaintiff's claims against defendant Bernsen and defendant Mitchell, as plaintiff has not made any allegations against these two defendants. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants St. Louis County and Paul Listenberger.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants St. Louis County and Paul Listenberger shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Herbert Bernsen and Milton Mitchell because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 8th day of April, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE