UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY L. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV480 NCC |
| | ) | |
| PAUL LISTENBERGER AND | ) | |
| ST. LOUIS COUNTY, MISSOURI | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS PAUL LISTENBERGER AND ST. LOUIS COUNTY, MISSOURI

COME NOW Defendants Paul Listenberger and St. Louis County, Missouri and for their answer to Plaintiff's Complaint (Doc #1), deny everything not specifically admitted and in particular state as follows:

I.      The Defendants deny that plaintiff is presently confined at the St. Louis County Justice Center, and state affirmatively that he has been transferred to a Federal Penitentiary and, therefore, at least some of his requests are moot.

II.      The Defendants do not have personal knowledge of whether Plaintiff brought other actions in Federal Courts.

III.      The Defendants admit that there is a grievance procedure at the St. Louis County Justice Center.  Defendants state affirmatively that when Plaintiff filed grievances, that the grievances were acted upon and responded to promptly.

IV.      In answer to Paragraph IV, these two Defendants state that they are the only two defendants at this time.

1

V.      The Defendants do not have personal knowledge whether plaintiff has contacted counsel.

VI.      The Defendants were not served with page 5 of the form complaint, which would contain paragraph VI "Statement of Claim."  If there is a page 5 of the form complaint, until the Defendants see it, it is denied.  The Defendants were served with pages 5A and 5B, which pages are responded to below.

VII.      The allegations in paragraph VII of the Complaint are difficult to read, but it appears that the Plaintiff requests standing orders to be provided with a "certified" Gluten-free diet.  In response to this paragraph, the Defendants state first that this request for relief is moot because plaintiff is no longer housed at the St. Louis County Justice Center.   Secondly, Defendants state that the word "certified" is the plaintiff's term and this does not state a claim upon which relief can be granted, even if having a gluten free diet does state a claim.   Thirdly, Defendants state that plaintiff was provided with a gluten free diet.

VIII.    The Defendants deny that plaintiff is entitled to money damages.


*The Defendants answer the Plaintiff's "Statement of Claim" (pages 5A and 5B) by denying everything not specifically admitted, and in particular state as follows:*

1.   The Defendants admit that Paul Listenberger was the food service manager for the St. Louis County Department of Justice Services ("DJS").  The remaining allegations in Paragraph 1 are conclusory and not factual.  To the extent that the allegations may be considered a statement of fact, Defendants deny that Paul Listenberger was deliberately indifferent or that he deprived the Plaintiff of food for a period of time.

2.   In answer to Paragraph 2, whether or not plaintiff takes insulin for diabetes does not

2

appear to be in dispute and does not appear to be the Plaintiff's statement of claim.   Instead plaintiff seems to allege in the second half of paragraph 2 that the medical staff and/or others ordered a gluten free diet for plaintiff.  Defendants admit that they were aware that plaintiff was to be given a gluten free diet, and so Defendants provided a gluten free diet to Plaintiff.

3.   Defendants deny the allegations in Paragraph 3.  For further answer, the Defendants refer to their answer to Paragraph 4.

4.   The allegations in Paragraph 4 are somewhat unclear, but the Defendants state first that Plaintiff concedes that there was not deliberate indifference to his need for a gluten free diet because Paragraph 4 alleges there was communication to the Plaintiff in response to his grievances. The Defendants admit that there was a letter dated August 29, 2014 from the Superintendent of Security in response to one of plaintiff's grievances, which letter confirmed that Plaintiff was being provided a gluten free diet, but that when an inmate whose job was to deliver food trays to the Plaintiff gave the wrong tray to Plaintiff, that incorrect food tray was remedied almost immediately when plaintiff brought it to the attention of jail staff.  To the extent that the Paragraph alleges that Plaintiff was not provided a gluten free diet from August 30, 2014 until October 27, 2014, the Defendants deny this allegation and state affirmatively that a dietician reviewed and approved the Plaintiff's gluten free diet and such was provided to him, and if there any instances of the wrong food tray being delivered to the Plaintiff, it was immediately corrected as soon as the Plaintiff reported receiving the wrong food tray.

5.   Paragraph 5 appears to allege that in addition to filing grievances, the Plaintiff contacted the U.S. Marshall's office and contacted attorney Rodney H. Holmes. The Defendants do not have knowledge of this allegation and, therefore, deny the same.  The Plaintiff appears to allege that the medical staff at the jail told him that if he has a complaint about his meals, that he

should file a grievance.  If that is what plaintiff is alleging then the Defendants state that while they do not have knowledge of any particular conversation, they admit that the policy is to allow Plaintiff and other inmates to file grievances, after which the grievances are promptly addressed.

6.   The first sentence of paragraph 6 alleges a conversation in open court between the Plaintiff and a judge, but these defendants do not have knowledge of that conversation and, therefore, deny the same.  Regarding the allegation that the "FSM" provided plaintiff with less food than the general population, the Defendants state the "FSM" provided Plaintiff with the gluten free menu approved for Plaintiff by the dietician.   Regarding the allegation that Plaintiff showed a "Floor LT" that there was a noodle on the tray that was not gluten free, Defendants state that this demonstrates that there was not "deliberate indifference" but that the "Floor Lt" was responsive to Plaintiff.  Regarding the allegation that the medical staff provided plaintiff with extra snacks, defendants state that this once again demonstrates that that there was not deliberate indifference to the Plaintiff.

7.   Defendants deny the allegations contained in Paragraph 7.

8.   Paragraph 8 appears to request that the plaintiff, in the future, be given food that is "certified" as gluten free and labeled as such.  The Defendants response first is that the Plaintiff is no longer at the St. Louis County Justice Center and, therefore, this request for relief is moot. Secondly, the Defendants state that even if plaintiff should be given a gluten free diet, the plaintiff does not state a claim by alleging that the label on the food should show that it is "certified."

## ADDITIONAL DEFENSES/AFFIRMATIVE DEFENSES

1.  For further answer and defense both Defendants state that Plaintiff's claims for injunctive

relief regarding what type of meals should be served to him in the future should be dismissed as moot since Plaintiff is no longer housed at the St. Louis County Justice Center.

2.   For further answer and defense,  both Defendants state that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which relief can be granted because the doctrine of respondeat superior does not apply to § 1983 actions even if someone under the supervision of Paul Listenberger, or another supervisor at DJS mistakenly delivered the wrong food tray which did not contain gluten free food.

3.   For further answer and defense, Defendants state that Plaintiff has failed to state a claim against them upon which relief can be granted for several reasons including but not limited to: 1) to state a claim, plaintiff must plead facts sufficient to indicate deliberate indifference to a serious medical need, but plaintiff has failed to do so; 2) allegations of mere negligence do not state a claim; 3) even allegations of gross negligence do not state a claim, there must be deliberate indifference to the Plaintiff's basic needs; 4) the fact that Plaintiff was not accommodated the way that he wants does not state a claim under 42 U.S.C. § 1983 (such as requesting that food he is provided be marked "certified" gluten free); 5) a claim that the amount of food received by plaintiff on his dietician-approved menu is less than the amount of food received by others who are not on a gluten free diet does not state a claim because prison and jail officials have the discretion to control the contents of a nutritionally adequate diet.

4.   For further answer and defense, Defendants state that Plaintiff's Complaint does not state a claim because the Complaint actually demonstrates that Plaintiff was receiving a gluten free diet (for example, he complains that one time he found a noodle on his tray that was not gluten free), and that there was communication between the Plaintiff and DJS officials to address his

grievances and concerns over the incorrect delivery to him of a gluten free diet, and so the Complaint demonstrates that there was not deliberate indifference.

5.   For further answer and defense, Defendant Paul Listenberger is entitled to Qualified Immunity on all claims made against him pursuant to 42 U. S. C. §1983 because the actions performed by him did not violate any clearly established constitutional or statutory rights of which Listenberger should have known. Qualified Immunity protects public officials unless they are plainly incompetent or they knowingly violate the law.

6.   For further answer and defense, Defendant St. Louis County states that plaintiff has failed to state a factual claim against it under 42 U. S. C. §1983 upon which relief can be granted for several reasons including but not limited to:  1) Plaintiff does not allege or identify an official policy of St. Louis County that was allegedly unconstitutional; 2) Plaintiff does not allege that a specific unconstitutional policy or policies caused a co-defendant or anyone else to commit unconstitutional acts; 3) plaintiff does not allege a pattern of unconstitutional acts committed by subordinates followed by deliberate indifference to the medical needs of plaintiff and others; 4) plaintiff does not allege a pattern of unconstitutional violations by untrained employees and does not allege pervasive misconduct of unconstitutional acts that would constitute a custom of usage; 5) Plaintiff's allegations are of isolated incidents of misconduct by individuals and Plaintiff's complaint contains threadbare recitals of causes of action that are supported by his conclusory statements.

7.   For further answer and defense, Defendants state that there is no constitutional violation because the contents of Plaintiff's gluten free diet was determined by a registered dietician and was nutritionally adequate.

8.   For further answer and defense, Defendants state that Plaintiff has failed to exhaust his

administrative remedies and, therefore, is barred from pursuing this cause of action.

WHEREFORE, having fully answered, Defendants Paul Listenberger and St. Louis County move this Court to dismiss the Plaintiff's Complaint and to enter judgment in their favor and for such other order that the Court deems appropriate under the circumstances.

Respectfully submitted,


PETER J. KRANE
COUNTY COUNSELOR


By:   /s/ Robert C. Moore
      Robert C. Moore        #93626 (E.D. Mo.)
      Assistant County Counselor
      41 S. Central Avenue, 9th Floor
      Clayton, Missouri 63105
      (314) 615-7042
      Attorney for Defendants Paul Listenberger and St. Louis
      County




**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served electronically via the Court's Electronic Filing System and was sent, postage paid,  by U. S. Mail on this 2nd day of June to Larry L. Henderson at the following address:

Larry L. Henderson
#86912
Butner Low Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 999
Butner, NC 27509


/s/ Robert C. Moore